IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY,<br><br>    Plaintiff,<br><br>    vs.<br><br>WASCO STATE PRISON, et al.,<br><br>    Defendants. | 1:07-cv-01423-OWW-GSA-PC<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR ACCESS TO THE LAW LIBRARY<br>(Docs. 13, 15.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Now pending are plaintiff's motions for access to the law library, filed on January 30, 2008 and March 24, 2008. (Docs. 13, 15.)

**I.   PRELIMINARY INJUNCTION**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable

injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Plaintiff has filed two motions for an order to grant him access to the prison law library for six hours per week. This action is proceeding against defendants for conspiracy and for failure to protect plaintiff from attack by another inmate in violation of the Eighth Amendment. Because an order granting plaintiff access to the law library would not remedy the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff. Therefore, the court HEREBY RECOMMENDS that plaintiff's motions for access to the law library, filed on January 30, 2008 and March 24, 2008 be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 30, 2008**            /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

2