# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:07-cv-01423-OWW-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS<br><br>(Doc. 28, 29)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

　　　Plaintiff Thomas D. Braley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 22, 2010, Plaintiff filed a motion requesting a temporary restraining order. (Doc. #28.) On August 27, 2010, Plaintiff filed a motion requesting the Court to order prison officials to release Plaintiff's legal property. (Doc. #29.)

　　　The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

///

1    "[A] preliminary injunction [or temporary restraining order] is an extraordinary and drastic
2    remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of
3    persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted)
4    (emphasis in original).  A party seeking a preliminary injunction or temporary restraining order
5    simply cannot prevail when that motion is unsupported by evidence.  With respect to motions for
6    preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act
7    ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

12   18 U.S.C. § 3626(a)(2).

13   The Court will recommend that Plaintiff's motions be denied.  Plaintiff cannot demonstrate
14   that he is likely to prevail on the merits of this action.  Plaintiff's complaint was dismissed on August
15   6, 2009, for failing to state any claims.  Plaintiff was given leave to file an amended complaint but
16   did not file an amended complaint.  Further, Plaintiff's claims in this action are against prison
17   officials at Wasco State Prison.  Plaintiff is seeking an order enjoining prison officials at the
18   California Substance Abuse Treatment Facility and State Prison in Corcoran, California.  An order
19   granting preliminary injunctive relief can only bind the parties, the parties' officers, agents, servants,
20   employees, and attorneys, or other persons in active concert with the aforementioned persons.
21   Federal Rule of Civil Procedure 65(d)(2).  The Court lacks jurisdiction to grant the injunctive relief
22   sought by Plaintiff because none of the prison officials he seeks to enjoin are members of the
23   aforementioned groups.  See <u>Zepeda v. U.S. I.N.S.</u>, 753 F.2d 719, 727 (9th Cir. 1984).

24   Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motions be
25   DENIED.

26   These Findings and Recommendations are submitted to the United States District Judge
27   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)
28   days after being served with these Findings and Recommendations, any party may file written

objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: February 8, 2011** /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE