# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY, | CASE NO. 1:07-cv-01423-OWW-SKO |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTIONS |
| v. | |
| WASCO STATE PRISON, et al., | (ECF Nos. 28, 29, 31) |
| Defendants. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION IN PART |
| | (ECF Nos. 27, 32, 35) |
| | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| | (ECF No. 34) |
| / | THIRTY-DAY DEADLINE |

I.      **Procedural History**

Plaintiff Thomas D. Braley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 21, 2010, Plaintiff filed a motion for judgment on the pleadings. Plaintiff filed a motion for a temporary restraining order and preliminary injunction on July 22, 2010, and a motion injunctive relief on August 27, 2010. On February 9, 2011, the Magistrate Judge filed findings and recommendations recommending dismissal of action and findings and recommendations recommending denial of motions herein which were served on the parties and which contained notice

1

to the parties that any objections to the findings and recommendations were to be filed within thirty days. Plaintiff filed objections to findings and recommendations on March 11, 2011, which have been read and considered. On March 11, 2011, Plaintiff also filed a motion seeking the appointment of counsel.

**II.     Findings and Recommendations Recommending Dismissal of Action**

The Magistrate Judge recommended dismissal of this action for Plaintiff's failure to file an amended complaint. Plaintiff's original complaint was dismissed for failure to state a claim upon which relief could be granted on August 6, 2009. Plaintiff was granted thirty days to file an amended complaint and failed to comply with the order. Since no complaint has been filed the motion for judgment on the pleadings will be denied as there are no pleadings on which judgment could be granted. Fed. R. Civ. P. 12(c).

In light of the fact that the objections set forth Plaintiff's claims in this action, he will be granted one final opportunity to file an amended complaint in compliance with the order issued on August 6, 2009, within thirty days. Plaintiff is advised that no extensions of time will be granted as he has had two and one half years to file his complaint and his objections evidence his ability to comply with a court deadline when necessary to avert dismissal. If Plaintiff fails to file an amended complaint within thirty days the findings and recommendations will be adopted in full and this action will be dismissed.

**III.    Motion for Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

1    the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
2    of the legal issues involved." Id. (internal quotation marks and citations omitted).
3        In the present case, the court does not find the required exceptional circumstances. Even if
4    it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
5    which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
6    similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a
7    determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
8    in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id. For the
9    foregoing reasons, Plaintiff's motion for the appointment of counsel shall be denied, without
10   prejudice.
11       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de
12   novo review of this case. Having carefully reviewed the entire file, the undersigned finds the
13   findings and recommendations to be supported by the record and by proper analysis.
14       Accordingly, IT IS HEREBY ORDERED that:
15       1.   The findings and recommendations recommending denial of the motions, filed
16           February 9, 2011, is adopted in full;
17       2.   Plaintiff's motions for a temporary restraining order and preliminary injunction filed
18           July 22, 2010, and Plaintiff's motion for injunctive relief filed August 27, 2010 are
19           DENIED;
20       3.   The findings and recommendations recommending dismissal of this action is adopted
21           in part;
22           a.   Plaintiff's motion for judgment on the pleadings is DENIED;
23           b.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall
24               file an amended complaint;
25           c.   If Plaintiff fails to file an amended complaint in compliance with this order,
26               the findings and recommendations will be adopted and this action will be
27               dismissed for failure to comply with a court order; and
28   ///

4. Plaintiff's motion for appointment of counsel filed March 11, 2011, is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 21, 2011**               /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE