# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY, | CASE NO. 1:07-cv-01423-OWW-SMS |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| WASCO STATE PRISON, et al., | (ECF No. 44) |
| Defendants. | ORDER DISREGARDING PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY |
| | (ECF No. 40) |
| | ORDER FOR CLERK TO SERVE COPY OF THIS ORDER ON NINTH CIRCUIT |
| | THIRTY-DAY DEADLINE |

**I.   Screening Requirment**

Plaintiff Thomas D. Braley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed September 28, 2007. On April 6, 2011, Plaintiff filed a motion for a certificate of appealability.  (ECF No. 40.) Currently pending before the Court is the first amended complaint filed April 22, 2011.  (ECF No. 44.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

## II.   Discussion

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at Salinas Valley State Prison. In his amended complaint Plaintiff summarizes multiple actions he has had proceeding in various courts.

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 129 S. Ct. at 1948-49.

In this instance, Plaintiff has not sufficiently linked the defendants named in his complaint to any acts or omissions that purportedly led to the violation of those rights. For example, Plaintiff alleges that on September 19, 2007, he was attacked in his cell while staff looked on from the armed tower and did nothing until it was discovered that a sergeant was coming. (Amend. Compl. 6-7, ECF No. 44.) Plaintiff was taken to the clinic, but medical staff were not allowed to treat him because of all the blood. He requested medical assistance and did not receive treatment until after 10:00 p.m. On September 19, 2007, medical staff ordered that x-rays be taken, however they were not taken until September 21, 2007. Plaintiff's broken arm was not placed in a cast until September 25, 2007. (Id. at 7.)

Plaintiff's assertions do not suffice to show that Plaintiff's constitutional rights were violated

1  by any named defendant. Iqbal, 129 S. Ct. at 1949-50. The allegations contained in the complaint
2  do not link any defendant to any act or failure to act that violated his constitutional rights. Iqbal, 129
3  S. Ct. at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding,
4  is only liable for his or her own misconduct."); Jones, 297 F.3d at 934; George v. Smith, 507 F.3d
5  605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause
6  or contribute to the violation.").

7       Plaintiff also alleges that since he was transferred on October 12, 2009, he has been deprived
8  of his legal property and has been charged with rule violations. (Id. 8-12.) Plaintiff may not raise
9  his claims for denial of access to the court in violation of the First Amendment and deprivation of
10 Due Process due to rule violation reports here as he could not have exhausted administrative
11 remedies prior to the date he filed this action. 42 U.S.C. § 1997e(a). These events occurred after
12 2009 and may not be raised in this action which was filed September 28, 2007.

13      Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual
14 bases for his claims against each defendant. Plaintiff's amended complaint need not and should not
15 be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led
16 to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will
17 not suffice. Iqbal 129 S. Ct. at 1949-50. Plaintiff is directed to the order dismissing the complaint
18 issued August 6, 2009, for the legal standards that appear to apply to his claims. Additionally, the
19 legal standard for deliberate indifference to medical needs is set forth below. Plaintiff should
20 carefully review the standards and amend only those claims that he believes, in good faith, are
21 cognizable.

22      Plaintiff is reminded that pursuant to 42 U.S.C. § 1997e(a) all claims brought in this action
23 must have been exhausted prior to the date Plaintiff filed this action. Therefore, Plaintiff may not
24 bring new claims that occurred after he filed this action in his amended complaint.

25      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
26 must show "deliberate indifference to serious medical needs."' Jett v. Penner, 439 F.3d 1091, 1096
27 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for
28 deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating

that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at 1096).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Conn, 591 F.3d at 1095 (quoting Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

### III.   Motion for Certificate of Appealability

Plaintiff filed a motion for a certificate of appealability. Rule 22 of the Federal Rules of Appellate Procedure requires that an applicant who files a notice of appeal in a habeas proceeding must obtain a certificate of appealability under 28 U.S.C. § 2253(c), or a statement why a certificate should not issue, from the district judge who rendered judgment in the action. Fed. R. App. P. 22(b). The district clerk must send the certificate or statement to the court of appeals along with the notice of appeal. Id. Plaintiff has requested a certificate of appealability for the notice of appeal he filed in this action on April 6, 2011. However, Plaintiff's appeal concerns a civil rights action under § 1983, not a habeas proceeding. Therefore, Rule 22 does not apply to Plaintiff's appeal, and Plaintiff's application for a certificate of appealability shall be disregarded. Plaintiff is advised that his appeal was processed and forwarded to the Ninth Circuit on April 7, 2011. (ECF No. 42.)

### IV.   Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final opportunity to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

    Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a certificate of appealability is DISREGARDED;
2. The Clerk's Office is DIRECTED to serve a copy of this order on the Ninth Circuit;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Plaintiff's complaint, filed April 22, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 9, 2011**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE