# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| THOMAS D. BRALEY, | CASE NO. 1:07-cv-01423-OWW-SMS |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| WASCO STATE PRISON, et al., | (ECF No. 51) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I. Screening Requirement

Plaintiff Thomas D. Braley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is the Second Amended Complaint, filed June 10, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.    Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently housed at Salinas Valley State Prison. Plaintiff brings this action against Defendants M. Markmann, Williams, Martinez, Massa, George, Thompson, L. A. Miller, Wasco State Prison, C. Cooper and M. Hunter for violations of the Eighth Amendment seeking damages and injunctive relief.

On August 9, 2007, while incarcerated at Wasco State Prison, inmate Gary Battle was moved into Plaintiff's cell. Plaintiff alleges that ninety percent of the prison staff know inmate Battle from past cell fights. Inmate Battle went through Plaintiff's personal property and would kick and throw Plaintiff's wheelchair. On August 12, 2007, Plaintiff informed Defendant Markmann about inmate Battle. (Second Amended Compl. 3, ECF No. 51.) From August 14, 2007 through August 26, 2007, Plaintiff informed different correctional officers that he wanted inmate Battle moved. (Id. at 4.)

On August 27, 2007, inmate Battle told Defendant Markmann that he was going to kill Plaintiff if he was not moved out of the cell. (Id.) On September 9, 2007, Defendant Markmann returned from days off and spoke to Plaintiff regarding writing Defendant Markmann up for not moving inmate Battle. Defendant Markmann told Plaintiff that he was not moving inmate Battle.

On September 17, 2007, inmate Battle attacked Plaintiff. Defendant L. A. Miller saw Plaintiff being attacked by inmate Battle and walked away. After the attack, Plaintiff was taken to the medical clinic. (Id. at 5.) A female LVN began to chart Plaintiff's wounds, but someone came up and pushed Plaintiff back to his cell. Plaintiff asked floor staff to let him see a doctor and they ignored him. Finally at 10:00 p.m. the floor officer called for a nurse. A nurse came and cleaned Plaintiff's wounds and told him that he would be scheduled for x-rays. Plaintiff did not receive an x-ray until September 20, 2007. (Id. at 6.)

On September 25, 2007, Dr. Castillo placed a cast on Plaintiff's left arm because it was broken. During the visit Plaintiff told Dr. Castillo that from September 22 through 24, 2007, attempts were made by medical staff to provide Plaintiff with medication, but he did not receive the medication. Dr. Castillo corrected the mistake. (Id.)

Plaintiff has stated a cognizable claim against Defendants Markmann and L. A. Miller for failure to protect in violation of the Eighth Amendment, but has failed to state any other cognizable claims.

**III.    Discussion**

    **A.    Deliberate Indifference**

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

Plaintiff's allegations are sufficient to state a cognizable claim against Defendants Markmann and L. A. Miller. Plaintiff asserts that he informed other correctional officials that he wanted inmate Battle moved. The factual allegation that Plaintiff informed the officers that Plaintiff wanted his cell

mate to be moved is not sufficient to state a plausible claim that the officers were aware that Plaintiff was at risk of harm. Iqbal, 129 S. Ct. at 1949-50. Plaintiff's factual allegations fail to show that any other defendant was aware that Plaintiff was in danger of harm from inmate Battle. Therefore, Plaintiff fails to state a cognizable claim that any other defendant was aware of a risk of harm and failed to act in response. Thomas, 611 F.3d at 1150.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

It is unclear from Plaintiff's complaint if he is attempting to allege claims regarding deliberate indifference to medical needs based upon the injuries he sustained in the incident with inmate Battle. However, Plaintiff has failed to show that any named defendant was aware that Plaintiff had a serious need and failed to act in response. Jett, 439 F.3d at 1096.

**IV.     Defendant Liability**

"The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996). The Department of Prisons is a state agency entitled to Eleventh Amendment Immunity. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff may not bring this action against the CDCR.

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. Plaintiff

4

names Defendants C. Cooper and M. Hunter, Associate Wardens, but fails to link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff appears to preface liability based upon the supervisory role of Defendants Cooper and Hunter, which does not state a cognizable claim under section 1983.

## V. Injunctive Relief

Finally, Plaintiff requests an injunction requiring CDCR to transfer him to the California Medical Facility. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The relief Plaintiff seeks, transfer to a different prison, is not narrowly drawn to correct the violation of Plaintiff's rights that are proceeding in this action.[1] 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149-50 (2009) (citation omitted) Price v. City of Stockton, 390 F.3d 1105, 1112 (9th Cir. 2004). Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

## VI. Conclusion and Recommendation

Plaintiff's second amended complaint states a cognizable claim against Defendants Markmann and L. A. Miller for failure to protect in violation of the Eighth Amendment, but does not state any other cognizable claims under section 1983. Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll, 809 F.2d at 1448-49. Based on the foregoing, it is HEREBY RECOMMENDED that:

---

[1] In addition, CDCR itself is immune from suit. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

5

1. This action proceed on Plaintiff's second amended complaint, filed June 10, 2011, against Defendants Markmann and L. A. Miller for failure to protect in violation of the Eighth Amendment;

2. Plaintiff's remaining Eighth Amendment claims and injunctive relief be dismissed, with prejudice, for failure to state a claim; and

3. Defendants Williams, Martinez, Massa, George, Thompson, Wasco State Prison, C. Cooper and M. Hunter be dismissed, with prejudice, based upon Plaintiff's failure to state a cognizable claim against them.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 23, 2011**                          /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE