# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY, | CASE NO. 1:07-cv-01423-AWI-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| WASCO STATE PRISON, et al., | |
| Defendants. | (ECF Nos. 78, 81, 82) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations - Defendants' Motion to Dismiss**

**I.    Procedural History**

Plaintiff Thomas D. Braley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 28, 2007.  On August 24, 2011, pursuant to 28 U.S.C. § 1915A, the Magistrate Judge issued findings and recommendations recommending dismissing certain claims and defendants.  On October 3, 2011, an order adopting the findings and recommendations issued, and this action is proceeding against Defendants Markmann and Miller for failure to protect in violation of the Eighth Amendment.[1]  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[1] In the order adopting the findings and recommendations, Plaintiff's remaining Eighth Amendment claims, and Defendants Williams, Martinez, Massa, George, Thompson, Wasco State Prison, C. Cooper, and M. Hunter were dismissed from this action for Plaintiff's failure to state a cognizable claim.

1

On December 15, 2011, Defendant Miller filed a motion to dismiss for failure to exhaust administrative remedies. Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on February 6, 2012.[2] Defendant Miller filed a reply on February 13, 2012. On March 28, 2012, Defendant Markmann joined in the motion to dismiss. The motion has been deemed submitted. Local Rule 230(l).

**II.     Failure to Exhaust**

   **A.     Legal Standard**

Defendants argue that Plaintiff failed to exhaust his claims in compliance with 42 U.S.C. § 1997e(a), subjecting the claims to dismissal. Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). At the time of the claims at issue in this action, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

---

[2] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on October 18, 2011. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

2

defense which defendants have the burden of raising and proving the absence of exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

**B.    Discussion**

**1.    Plaintiff's Claims**

Plaintiff alleges that on August 9, 2007, while incarcerated at Wasco State Prison, Inmate Gary Battle was moved into Plaintiff's cell. Plaintiff claims that ninety percent of the prison staff know Battle from past cell fights. On the first day that Battle was placed in Plaintiff's cell, he went through Plaintiff's personal property. Plaintiff states that Battle kicked and threw Plaintiff's wheelchair. On August 12, 2007, Plaintiff informed Defendant Markmann about Battle, but Defendant Markmann did not do anything about the situation. (Second Amended Compl. 3,[3] ECF No. 51.)

On August 24, 2007, Plaintiff gave Defendant Markmann a note listing all the staff that Plaintiff had requested move Battle, and Defendant Markmann did not do anything. On August 27, 2007, Battle told Defendant Markmann that he was going to kill Plaintiff if Plaintiff was not moved out of the cell. Defendant Markmann just smiled and walked away. On September 4, 2007, Battle threw Plaintiff's wheelchair and broke it. (Id.)

On September 9, 2007, Defendant Markmann returned from days off. Defendant Markmann spoke to Plaintiff about Plaintiff complaining that Defendant Markmann had not moved Battle.

---

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Defendant Markmann told Plaintiff that he was not moving Battle. On September 17, 2007, Battle attacked Plaintiff. Defendant Miller saw Plaintiff being attacked by Battle. Two times Battle told Defendant Miller to walk away, and Defendant Miller did. After the attack, Plaintiff was taken to the medical clinic. (Id. at 5.)

### 2. Exhaustion of Eighth Amendment Claim

Defendants contend that, during the time he was housed at Wasco State Prison, Plaintiff filed three inmate appeals. None of the appeals filed by Plaintiff address the incidents alleged in the second amended complaint. Since Plaintiff did not submit any inmate appeals regarding his claims that Defendants Markmann and Miller failed to protect him, Plaintiff failed to exhaust his administrative remedies, and the motion to dismiss should be granted.

In his opposition, Plaintiff does not address Defendants' contention that he did not file an inmate appeal regarding the claims proceeding in this action. Rather Plaintiff argues that he was not required to exhaust his administrative remedies in order to bring this action. Plaintiff further alleges that, after he was transferred from Wasco State Prison, his property was taken from him, and his inmate appeals have not been processed.

Defendants evidence shows that while Plaintiff was housed at Wasco State Prison he submitted three inmate appeals. Two of the appeals grieved ADA accommodations and Plaintiff did not pursue the appeals beyond the first level. The second appeal was a medical appeal and was not submitted for third level review.

In support of his opposition, Plaintiff submits seventy three pages of exhibits. A review of the inmate appeals which Plaintiff attaches as exhibits, reveals that the appeals all involve incidents after he was transferred from Wasco State Prison.

Plaintiff relies on Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961); White v. California, 195 Cal.App.3d 452 (1987); and Graham v. Bryant, 123 Cal.App.2d 66 (1954), to support his argument that he is not required to exhaust his administrative remedies prior to filing suit. In Deering Milliken, Inc., the plaintiff was seeking an injunction against the National Relations Labor Board. The court found that the plaintiff did not need to exhaust administrative remedies because the National Labor Relations Act did not provide an adequate remedy for enforcement.

Deering Milliken, Inc., 295 F.2d at 866.  In White the court found that the Education of the Handicapped Act ("EHA") did not have an effective remedy for past wrongs, and therefore, the exhaustion requirement did not apply to the handicapped children's claim that they were systematically excluded from EHA services.  White v. California, 195 Cal.App.3d at 466.  The plaintiff in Graham was a civil service employee who was seeking a peremptory writ of mandate.  The court found that there was no requirement for a civil employee to avail himself of available administrative remedies in order to access the court.  Graham, 123 Cal.App.2d at 70.  None of the cases cited address the PLRA, and they do not support Plaintiff's argument that he is not required to exhaust his administrative remedies.

Since Plaintiff is a prisoner his claims are governed by the PLRA, and under the PLRA the exhaustion requirement is mandatory.  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The requirement that an inmate exhaust administrative remedies prior to bringing suit serves two purposes.  "Exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before being haled into federal court[,]"and "promotes efficiency by allowing claims to be resolved much more quickly and economically . . . than in litigation in federal court."  Sapp, 623 F.3d at 823 (internal punctuation and citations omitted).  The inmate "must complete the administrative review process in accordance with the applicable procedural rules, including deadlines," Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010) (citations omitted), as a precondition to bringing suit, McKinney, 311 F.3d at 1200; Harvey, 605 F.3d at 683.  The PLRA requires that the administrative grievance process be completed prior to initiating the action in federal court.  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

In order to find that Plaintiff's appeals exhausted his administrative remedies the appeals must " provide enough information . . . to allow prison officials to take appropriate responsive measures."  Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting Johnson v. Testman, 380 F.3d 691, 697 (2nd Cir. 2004)).  The primary purpose of the grievance is to alert the prison to the problem and facilitate resolution.  Griffin, 557 F.3d at 1120.  "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. Sapp, 623 F.3d at 823.  None of the appeals submitted by Plaintiff provided information to allow

prison officials to take appropriate responsive measures to his claims that Defendants Markmann and Miller failed to protect him.

In this instance, Defendants have submitted evidence that Plaintiff did not exhaust his administrative remedies, because he failed to file an inmate grievance regarding the claims proceeding in this action. Since Plaintiff did not exhaust his administrative remedies prior to filing suit, this action must be dismissed, without prejudice. Lira, 427 F.3d at 1171.

### III.   Conclusion and Recommendation

The Court finds that Plaintiff failed to exhaust his administrative remedies for his failure to protect claims against Defendants Markmann and Miller. Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss be granted, and this action be dismissed, without prejudice, for failure to exhaust administrative remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 16, 2012**              /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE