# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　　　Defendants. | CASE NO. 1:07-cv-01423-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A COURT ORDER BE DENIED<br><br>(ECF No. 88)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Thomas D. Braley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second amended complaint, filed June 10, 2011, against Defendants Markmann and Miller for failure to protect in violation of the Eighth Amendment. On April 16, 2012, findings and recommendations issued recommending granting Defendants' motion to dismiss for failure to exhaust. On May 8, 2012, Plaintiff filed a motion for a court order to have all his legal property released to him.[1]

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149

---

[1] The Court notes that, in his motion, Plaintiff does not identify any documents which are needed to file an objection to the findings and recommendations recommending dismissing this action for failure to exhaust.

1

1  (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

2  Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's claims in this action arose out of his incarceration at Wasco State Prison.  Plaintiff is requesting a court order requiring Salinas Valley State Prison to release all legal documents.  As Plaintiff has previously been advised in the findings and recommendations issued May 10, 2011, an order granting Plaintiff access to his legal property would not remedy the claims upon which this action is proceeding and the Court lacks jurisdiction to issue the order sought by Plaintiff.

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a court order be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 9, 2012         /s/ Barbara A. McAuliffe
                              UNITED STATES MAGISTRATE JUDGE