# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY,<br><br>          Plaintiff,<br><br>     v.<br><br>WASCO STATE PRISON, et al.,<br><br>          Defendants. | CASE NO. 1:07-cv-01423-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A COURT ORDER BE DENIED<br><br>(ECF No. 93)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff Thomas D. Braley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second amended complaint, filed June 10, 2011, against Defendants Markmann and Miller for failure to protect in violation of the Eighth Amendment. On April 16, 2012, findings and recommendations issued recommending granting Defendants' motion to dismiss for failure to exhaust. On June 20, 2012, Plaintiff filed a motion for a court order directing the prison to provide him with mandatory access to the law library.

As Plaintiff has previously been advised, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

1    Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

  Plaintiff's claim in this action arises from a past incident at Wasco State Prison in which Defendants allegedly failed to protect Plaintiff.  The pendency of this action does not confer on the Court jurisdiction to issue an order directing that Plaintiff be granted access to the law library at Salinas Valley State Prison, because such an order would not remedy the underlying legal claim.

  Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a court order be DENIED.

  These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:   June 21, 2012**             /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE